SKLARWILLIAMS, PLLC
Crane M. Pomerantz (NV Bar NO. 14103)
410 S. Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
CPomerantz@sklar-law.com

OLSHAN FROME WOLOSKY LLP
Kyle C. Bisceglie (*pro hac vice*)
Kyle J. Kolb (*pro hac vice*)
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Facsimile: (212) 451-2222
Kbisceglie@olshanlaw.com
Kkolb@olshanlaw.com
*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED*

China Branding Group Ltd. (in Official Liquidation)
c/o Grant Thornton Specialist Services (Cayman) Ltd
10 Market Street #765, Camana Bay, Grand Cayman

Joint Official Liquidators, Hugh Dickson, Grant Thornton Specialist Services (Cayman) Limited
10 Market Street No. 765
Camana Bay, Grand Cayman KY1 9006
Cayman Islands
-and-
David Bennett
Grant Thornton Recovery and Reorganisation Limited
12th Floor, 28 Hennessy Road
Wanchai
Hong Kong SAR
+852 3987 1200
*Pro Se Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REMARK HOLDINGS, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,<br><br>*Defendants*. | Case No. 2:18-cv-00322<br><br>**STIPULATION FOR EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (FIRST REQUEST)** |

Pursuant to Fed. R. Civ. P. 12(a)(1) and LR IA 6-1, Remark Holdings, Inc., Kankan Limited, and China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators ("CBG"), and the Joint Official Liquidators, with no personal liability, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants") hereby stipulate to the extension of the Cayman Defendants' time to

1

respond to the Complaint to **June 29, 2018**. In support of this stipulation, the undersigned parties state as follows:

1. On May 10, 2018, the Bailiff of the Grand Court of the Cayman Islands (the "Grand Court") attempted to effect service of the Summons and Complaint on each of the Cayman Defendants, as demonstrated by the Affidavits of Service dated May 11, 2018 [ECF Nos. 27–29], and their time to respond to the Complaint would otherwise be May 31, 2018.

2. CBG does not contest service of the Summons and Complaint. The JOLs do not believe that service of the Summons and Complaint has properly been made upon them. However, the JOLs are voluntarily electing to waive service of the Summons and Complaint.

3. Pursuant to Section 110(2) of the Companies Law (2018 Revision) of the Cayman Islands, "The official liquidator may – (a) with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3 …" [*Emphasis added*]. That Schedule states "SCHEDULE 3, Powers of Liquidators, Part I, Powers exercisable with sanction, 1. Power to bring or defend any action or other legal proceeding in the name and on behalf of the company."

4. Accordingly, the Cayman Defendants are obliged to seek approval from the Liquidation Committee of CBG, following which the Cayman Defendants must apply to the Grand Court for sanction to defend this proceeding and retain U.S. counsel. That process has been commenced, and the Cayman Defendants have requested an extension of their time to respond to the Complaint in order to obtain those approvals. Should the above approvals not be received by June 29, 2018, a further extension may be required.

5. This is the undersigned parties' first request for an extension.

DATED: June 11, 2018

4636799-2

| | |
|---|---|
| /s/ Kyle Bisceglie | /s/ Signature |
| Kyle C. Bisceglie (*pro hac vice*)<br>Kyle J. Kolb (*pro hac vice*)<br>OLSHAN FROME WOLOSKY LLP<br>1325 Avenue of the Americas<br>New York, New York 10019<br><br>Crane M. Pomerantz (NV Bar No. 14103)<br>SKLAR WILLIAMS, PLLC<br>410 S. Rampart Blvd., Suite 350<br>Las Vegas, Nevada 89145<br><br>*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED* | JOINT OFFICIAL LIQUIDATORS, with no personal liability, HUGH DICKSON OF GRANT THORNTON SPECIALIST SERVICES (CAYMAN) LTD, and DAVID BENNETT OF GRANT THORNTON RECOVERY AND REORGANISATION LTD<br>*for and on behalf of*<br>CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION)<br><br>*Pro se Defendants* |

4636799-2

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

REMARK HOLDINGS, INC., et al.,

*Plaintiffs*,

v.

CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,

*Defendants*.

Case No. 2:18-cv-00322

**ORDER ON STIPULATION FOR EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (FIRST REQUEST)**

The Court, having considered the above stipulation of the parties, and good cause appearing, finds as follows:

1. Defendant China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators, with no personal liability ("CBG") was validly served with the Summons and Complaint on May 10, 2018. The Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants"), dispute that they have been properly served with the Summons and Complaint, however, the JOLs have agreed to voluntarily accept service of the Summons and Complaint. The Cayman Defendants' time to respond to the Complaint would otherwise be May 31, 2018.

2. The Cayman Defendants have requested an extension in order to obtain approvals of CBG's Liquidation Committee and the Grand Court of the Cayman Islands (the "Grand Court"), which approvals are required to enable the Cayman Defendants to defend this proceeding and retain U.S. counsel. That approval process has been commenced but the Cayman Defendants have not yet received the approval of the Liquidation Committee and the Grand Court.

3. This is the undersigned parties' first request for an extension

IT IS ORDERED THAT the Cayman Defendants shall have until **June 29, 2018** to file a response to the Complaint.

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: June 22, 2018