SKLARWILLIAMS, PLLC
Crane M. Pomerantz (NV Bar NO. 14103)
410 S. Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
CPomerantz@sklar-law.com

OLSHAN FROME WOLOSKY LLP
Kyle C. Bisceglie (*pro hac vice*)
Kyle J. Kolb (*pro hac vice*)
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Facsimile: (212) 451-2222
Kbisceglie@olshanlaw.com
Kkolb@olshanlaw.com
*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED*

China Branding Group Ltd. (in Official Liquidation)
c/o Grant Thornton Specialist Services (Cayman) Ltd
10 Market Street #765, Camana Bay, Grand Cayman

Joint Official Liquidators, Hugh Dickson, Grant Thornton Specialist Services (Cayman) Limited
10 Market Street No. 765
Camana Bay, Grand Cayman KY1 9006
Cayman Islands
    -and-
David Bennett
Grant Thornton Recovery and Reorganisation Limited
12th Floor, 28 Hennessy Road
Wanchai
Hong Kong SAR
+852 3987 1200
*Pro Se Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REMARK HOLDINGS, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,<br><br>*Defendants*. | Case No. 2:18-cv-00322<br><br>**STIPULATION FOR FURTHER EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (SECOND REQUEST)** |

Pursuant to Fed. R. Civ. P. 12(a)(1) and LR IA 6-1, Remark Holdings, Inc.; Kankan Limited; China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators ("CBG"); and the Joint Official Liquidators, with no personal liability, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants") hereby stipulate to the further extension of the Cayman Defendants' time

1

to respond to the Complaint to **July 31, 2018**. In support of this stipulation, the undersigned parties state as follows:

1. On May 10, 2018, the Bailiff of the Grand Court of the Cayman Islands (the "Grand Court") attempted to effect service of the Summons and Complaint on each of the Cayman Defendants, as demonstrated by the Affidavits of Service dated May 11, 2018 [ECF Nos. 27–29], and their time to respond to the Complaint was originally May 31, 2018, which time was extended to June 29, 2018 [*see* ECF No. 33].

2. CBG does not contest service of the Summons and Complaint. The JOLs do not believe that service of the Summons and Complaint has properly been made upon them. However, the JOLs are voluntarily electing to waive service of the Summons and Complaint.

3. Pursuant to Section 110(2) of the Companies Law (2018 Revision) of the Cayman Islands, "The official liquidator may – (a) with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3 …" [*Emphasis added*]. That Schedule states "SCHEDULE 3, Powers of Liquidators, Part I, Powers exercisable with sanction, 1. Power to bring or defend any action or other legal proceeding in the name and on behalf of the company."

4. Accordingly, the Cayman Defendants are obliged to seek approval from the Liquidation Committee of CBG, following which the Cayman Defendants must apply to the Grand Court for sanction to defend this proceeding and retain U.S. counsel. That process has been commenced, and the Cayman Defendants have requested an extension of their time to respond to the Complaint in order to obtain those approvals. Should the above approvals not be received by July 31, 2018, a further extension may be required.

5. This is the undersigned parties' second request for an extension. The first request was submitted on June 11, 2018, and was approved by the Honorable Magistrate Judge Carl W. Hoffman on June 22, 2018. [ECF No. 33]. Since the time of submitting the first request, the Liquidation Committee of CBG has issued a resolution authorizing CBG to seek the approval of the Grand Court, with such application to be filed with the Grand Court no later than June 28, 2018.

| | |
|---|---|
| 1  DATED: June 27, 2018 | [signature] |
| 2  _____ | _____ |
| 3  Kyle C. Bisceglie (*pro hac vice*) | JOINT OFFICIAL LIQUIDATORS, with no |
|    Kyle J. Kolb (*pro hac vice*) | personal liability, HUGH DICKSON OF |
| 4  OLSHAN FROME WOLOSKY LLP | GRANT THORNTON SPECIALIST |
|    1325 Avenue of the Americas | SERVICES (CAYMAN) LTD, and DAVID |
| 5  New York, New York 10019 | BENNETT OF GRANT THORNTON |
|    | RECOVERY AND REORGANISATION |
| 6  Crane M. Pomerantz (NV Bar No. 14103) | LTD |
| 7  SKLAR WILLIAMS, PLLC | *for and on behalf of* |
|    410 S. Rampart Blvd., Suite 350 | CHINA BRANDING GROUP LIMITED |
| 8  Las Vegas, Nevada 89145 | (IN OFFICIAL LIQUIDATION) |
| 9  *Attorneys for Plaintiffs REMARK* | *Pro se Defendants* |
| 10 *HOLDINGS, INC. and KANKAN LIMITED* | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REMARK HOLDINGS, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al., <br><br> *Defendants*. | Case No. 2:18-cv-00322 <br><br> **ORDER ON STIPULATION FOR FURTHER EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (SECOND REQUEST)** |

The Court, having considered the above stipulation of the parties, and good cause appearing, finds as follows:

1. Defendant China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators, with no personal liability ("CBG") was validly served with the Summons and Complaint on May 10, 2018. The Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants"), dispute that they have been properly served with the Summons and Complaint, however, the JOLs have agreed to voluntarily accept service of the Summons and Complaint. The Cayman Defendants' time to respond to the Complaint is presently June 29, 2018.

2. The Cayman Defendants have requested a further extension in order to obtain approvals of the Grand Court of the Cayman Islands (the "Grand Court"), which approval is required to enable the Cayman Defendants to defend this proceeding and retain U.S. counsel. That approval process has been commenced but the Cayman Defendants have not yet received the approval of the Grand Court, but have received approval of the Liquidation Committee.

3. This is the undersigned parties' second request for an extension.

4662122-1

1   IT IS ORDERED THAT the Cayman Defendants shall have until **July 31, 2018** to file a
2   response to the Complaint.

3

4   IT IS SO ORDERED:

5
6   _____
7   United States Magistrate Judge
8
9   DATED:      July 2, 2018

4662122-1