| | |
|---|---|
| SKLARWILLIAMS, PLLC<br>Crane M. Pomerantz (NV Bar NO. 14103)<br>410 S. Rampart Blvd., Suite 350<br>Las Vegas, Nevada 89145<br>Telephone: (702) 360-6000<br>Facsimile: (702) 360-0000<br>CPomerantz@sklar-law.com<br><br>OLSHAN FROME WOLOSKY LLP<br>Kyle C. Bisceglie (*pro hac vice*)<br>Kyle J. Kolb (*pro hac vice*)<br>1325 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 451-2300<br>Facsimile: (212) 451-2222<br>Kbisceglie@olshanlaw.com<br>Kkolb@olshanlaw.com<br>*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED* | China Branding Group Ltd. (in Official Liquidation)<br>c/o Grant Thornton Specialist Services (Cayman) Ltd<br>10 Market Street #765, Camana Bay, Grand Cayman<br><br>Joint Official Liquidators, Hugh Dickson, Grant Thornton Specialist Services (Cayman) Limited<br>10 Market Street No. 765<br>Camana Bay, Grand Cayman KY1 9006<br>Cayman Islands<br>-and-<br>David Bennett<br>Grant Thornton Recovery and Reorganisation Limited<br>12th Floor, 28 Hennessy Road<br>Wanchai<br>Hong Kong SAR<br>+852 3987 1200<br>*Pro Se Defendants* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REMARK HOLDINGS, INC., et al.,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,<br><br>　　　　*Defendants*. | Case No. 2:18-cv-00322<br><br>**STIPULATION FOR FURTHER EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (FOURTH AND FINAL REQUEST)** |

　　　　Pursuant to Fed. R. Civ. P. 12(a)(1) and LR IA 6-1, Remark Holdings, Inc.; Kankan Limited; China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators ("CBG"); and the Joint Official Liquidators, with no personal liability, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants") hereby stipulate to the further extension of the Cayman Defendants' time

1

to respond to the Complaint to **September 14, 2018**. In support of this stipulation, the undersigned parties state as follows:

1. On May 10, 2018, the Bailiff of the Grand Court of the Cayman Islands (the "Grand Court") attempted to effect service of the Summons and Complaint on each of the Cayman Defendants, as demonstrated by the Affidavits of Service dated May 11, 2018 [ECF Nos. 27–29], and their time to respond to the Complaint was originally May 31, 2018, which time was extended to June 29, 2018 [*see* ECF No. 33].

2. CBG does not contest service of the Summons and Complaint. The JOLs do not believe that service of the Summons and Complaint has properly been made upon them. However, the JOLs are voluntarily electing to waive service of the Summons and Complaint.

3. Pursuant to Section 110(2) of the Companies Law (2018 Revision) of the Cayman Islands, "The official liquidator may – (a) with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3 …" [*Emphasis added*]. That Schedule states "SCHEDULE 3, Powers of Liquidators, Part I, Powers exercisable with sanction, 1. Power to bring or defend any action or other legal proceeding in the name and on behalf of the company."

4. Accordingly, the Cayman Defendants are obliged to seek approval from the Liquidation Committee of CBG, following which the Cayman Defendants must apply to the Grand Court for permission to defend this proceeding and retain U.S. counsel. The Cayman Defendants have entered into a "funding agreement" in order to retain counsel for their defense, which the Cayman Defendants expect the Grand Court to approve this week, after which the Cayman Defendants' U.S. counsel will have two weeks to prepare a response to the complaint. Accordingly, the Cayman Defendants have requested a fourth and final extension of their time to respond to the Complaint in order to obtain those approvals.

5. This is the undersigned parties' fourth request for an extension. The first request was submitted on June 11, 2018, and was approved by the Honorable Magistrate Judge Carl W. Hoffman on June 22, 2018. [ECF No. 33]. The second request was submitted on June 28, 2018, and was approved by the Honorable Magistrate Judge Carl W. Hoffman on July 2, 2018. [ECF No. 35]. The

4726946-1

third request was submitted on August 3, 2018, and was approved by the Honorable Magistrate Judge Carl W. Hoffman on August 16, 2018. [ECF No. 37].

6. The undersigned parties stipulate and agree that Plaintiffs' consent to the Cayman Defendants' extension requests is subject to the Cayman Defendants' agreement to not assert or otherwise raise any defense to liability, damages or remedies arising from or related to Plaintiffs' alleged failure to prosecute this action during such extension periods.

DATED: August 29, 2018

_____
Kyle C. Bisceglie (*pro hac vice*)
Kyle J. Kolb (*pro hac vice*)
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019

Crane M. Pomerantz (NV Bar No. 14103)
SKLAR WILLIAMS, PLLC
410 S. Rampart Blvd., Suite 350
Las Vegas, Nevada 89145

*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED*

_____
JOINT OFFICIAL LIQUIDATORS, with no personal liability, HUGH DICKSON OF GRANT THORNTON SPECIALIST SERVICES (CAYMAN) LTD, and DAVID BENNETT OF GRANT THORNTON RECOVERY AND REORGANISATION LTD
*for and on behalf of*
CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION)

*Pro se Defendants*

3

4726946-1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

REMARK HOLDINGS, INC., et al.,

Plaintiffs,

v.

CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,

Defendants.

Case No. 2:18-cv-00322

ORDER ON STIPULATION FOR FURTHER EXTENSION OF TIME FOR CAYMAN DEFENDANTS TO RESPOND TO COMPLAINT (FOURT HAND FINAL REQUEST)

The Court, having considered the above stipulation of the parties, and good cause appearing, finds as follows:

1. Defendant China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators, with no personal liability ("CBG") was validly served with the Summons and Complaint on May 10, 2018. The Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants"), dispute that they have been properly served with the Summons and Complaint, however, the JOLs agreed to voluntarily accept service of the Summons and Complaint. The Cayman Defendants' time to respond to the Complaint is presently August 31, 2018.

2. The Cayman Defendants have requested a further extension in order to obtain approvals of the Grand Court of the Cayman Islands (the "Grand Court"), which approval is required to enable the Cayman Defendants to defend this proceeding and retain U.S. counsel. That approval process has been commenced but the Cayman Defendants have not yet received the approval of the Grand Court, but have received approval of the Liquidation Committee and have entered into a funding agreement.

3. This is the undersigned parties' fourth request for an extension.

4726946-1

IT IS ORDERED THAT the Cayman Defendants shall have until **September 14, 2018** to file a response to the Complaint.

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: August 31, 2018

4726946-1

Case 2:18-cv-00322-JAD-CWH   Document 38   Filed 08/30/18   Page 6 of 6