SKLARWILLIAMS, PLLC
Crane M. Pomerantz (NV Bar NO. 14103)
410 S. Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
CPomerantz@sklar-law.com

OLSHAN FROME WOLOSKY LLP
Kyle C. Bisceglie (*pro hac vice*)
Kyle J. Kolb (*pro hac vice*)
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Facsimile: (212) 451-2222
Kbisceglie@olshanlaw.com
Kkolb@olshanlaw.com

*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REMARK HOLDINGS, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al., <br><br> *Defendants*. | Case No. 2:18-cv-00322 <br><br> **STIPULATION FOR EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO CAYMAN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION FOR SETTLEMENT (FIRST REQUEST)** |

Pursuant to LR IA 6-1, Remark Holdings, Inc.; Kankan Limited; China Branding Group Limited (In Official Liquidation), an exempted Cayman Islands company acting by and through its joint official liquidators ("CBG"); and the Joint Official Liquidators, with no personal liability, Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd, and David Bennett of Grant Thornton

1

Recovery and Reorganisation Ltd (the "JOLs," and together with CBG, the "Cayman Defendants") hereby stipulate to the extension of Plaintiffs' time to respond to the Cayman Defendants' Opposition to Plaintiffs' Motion to Enforce the Stipulation for Settlement to **April 15, 2019**.  In support of this stipulation, the undersigned parties state as follows:

1. The Cayman Defendants filed a ten page opposition to Plaintiffs' motion to enforce on April 1, 2019 (*see* ECF No. 67).  The opposition raises various issues regarding the enforceability of the stipulation for settlement and comes at a time when Plaintiffs' counsel was overseas for a week and is simultaneously working to amend their complaint pursuant to the Court's Order (ECF No. 66).

2. The additional time is not sought for purposes of delay, but, instead, is necessary for Plaintiffs and undersigned counsel to respond adequately to the opposition to the motion to enforce.

3. This is the parties' first request for an extension.

DATED: April 4, 2019

*/s/ Kyle J. Kolb*

Kyle C. Bisceglie (*pro hac vice*)
Kyle J. Kolb (*pro hac vice*)
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019

Crane M. Pomerantz (NV Bar No. 14103)
SKLAR WILLIAMS, PLLC
410 S. Rampart Blvd., Suite 350
Las Vegas, Nevada 89145

*Attorneys for Plaintiffs REMARK HOLDINGS, INC. and KANKAN LIMITED*

*/s/ Robert D. Weber*

Robert D. Weber (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055

Robert J. Cassity (NV Bar No. 9779)
HOLLAND & HART LLP
9555 Hillwood Dr., Second Floor
Las Vegas, NV 89134

*Attorneys for China Branding Group Limited (In Official Liquidation) and its Joint Official Liquidators Hugh Dickson and David Bennett*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REMARK HOLDINGS, INC., et al.,

    *Plaintiffs*,

v.

CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), et al.,

    *Defendants*.

Case No. 2:18-cv-00322

**ORDER ON STIPULATION FOR EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO CAYMAN DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION FOR SETTLEMENT**

The Court, having considered the above stipulation of the parties, and good cause appearing, finds as follows:

1. The Cayman Defendants filed a ten page opposition to Plaintiffs' motion to enforce on April 1, 2019 (*see* ECF No. 67). The opposition raises several new issues to brief regarding the enforceability of the stipulation for settlement and comes at a time when the Plaintiffs are simultaneously working to amend their complaint pursuant to the Court's Order (ECF No. 66).

2. The additional time is not sought for purposes of delay, but, instead, is necessary for Plaintiffs and undersigned counsel to respond adequately to the opposition to the motion to enforce.

3. This is the parties' first request for an extension.

IT IS ORDERED THAT Remark Holdings, Inc. and KanKan Limited shall have until **April 15, 2019** to file their reply in support of their motion to enforce.

IT IS SO ORDERED

_____
United States Magistrate Judge

DATED:   April 8, 2019