# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Remark Holdings, Inc. and KanKan Ltd., <br><br> Plaintiffs <br><br> v. <br><br> China Branding Group Ltd., et al, <br><br> Defendants | Case No.: 2:18-cv-00322-JAD-DJA <br><br> **Order Overruling Objection, Adopting Report & Recommendation, Granting Motion to Enforce Settlement, and Denying Motion to Dismiss** <br><br> [ECF Nos. 40, 63, 86, 88] |

Technology company Remark Holdings, Inc. and its subsidiary KanKan Ltd. entered into an agreement with Defendant China Branding Group Ltd. (CBG) for the purchase of a trio of CBG entities that specialized in providing Western digital-media content to the Chinese market.[1] Remark and KanKan allege that the deal was built on fraudulent misrepresentations by CBG, and they filed this lawsuit seeking rescission and disgorgement.[2] With a motion to dismiss pending, the parties mediated and reached a settlement stipulation. When the defendants sought to add a term to that deal, the plaintiffs moved to enforce the stipulation as written.[3] The magistrate judge analyzed the respective parties' arguments and recommends that I grant that motion, recognizing that because a condition precedent has not yet been satisfied, the agreement is not yet fully enforceable. Plaintiffs offer a limited objection to that recommendation: they ask that, in adopting the recommendation, I either excuse the performance of that condition precedent or direct the defendants to satisfy it.[4] Because this court lacks the power to make that material modification to the agreement and the defendants have a good-faith obligation to ensure that the

---

[1] ECF No. 1 at 2.
[2] *Id*.
[3] ECF No. 63.
[4] ECF No. 88.

condition precedent is satisfied, I overrule the objection, adopt the magistrate judge's report and recommendation, grant the motion to enforce the settlement stipulation, and deny without prejudice the defendants' motion to dismiss as moot.

**Background**

The history of this litigation and the parties' relationship is long and detailed, the parties are well aware of it, and I do not repeat it here. For our purposes, the salient facts begin with Magistrate Judge Hoffman's recommendation that I grant Remark Holdings Inc. and KanKan Limited's motion to enforce the stipulation for settlement it executed with defendants CBG, Hugh Dickson of Grant Thornton Specialist Services Limited, and David Bennett of Grant Thornton Recovery and Reorganisation Limited (together, the Cayman defendants).[5] The magistrate judge found that the stipulation for settlement is binding and contains all of the material terms of the agreement that the parties reached at mediation. And he found that the Cayman defendants cannot supplement the agreement by adding an exchange right or attempting to incorporate or amend the terms of the pre-existing warrant.[6] Although there are two conditions precedent in the agreement—approval of the agreement by Remark's board of directors and the Grand Court of the Cayman Islands—the magistrate judge found that only the board-approval condition had been met, so the agreement is not yet enforceable. Thus, he recommends that I grant the motion "to the extent that it orders that the [stipulation] be presented to the Grand Court for its approval. Absent approval, the matter may return to continued negotiations, or to litigation."[7]

---

[5] ECF No. 86. Judge Hoffman has since retired, and this case has been reassigned to Magistrate Judge Daniel Albregts. ECF No. 87.

[6] ECF No. 86 at 4.

[7] *Id*. at 5.

2

Plaintiffs offer a "partial objection" to that report and recommendation (R&R).[8] The objection centers on Defendants Dickson and Bennett, who are the Joint Official Liquidators (JOLs) appointed by the Grand Court to attend to the liquidation and winding up of CBG. Plaintiffs contend that representations made by Dickson and Bennett in the course of the motion to enforce the settlement stipulation foretell that these defendants will foil the settlement by ensuring that the Grand Court rejects it. They note that Dickson stated that he "cannot in good conscience recommend to the Grand Court that it sanction any final settlement absent the inclusion of an Exchange Right or similar right that might be negotiated by the parties."[9] Defendants echoed his sentiments in their opposition to plaintiffs' motion: "The JOLs do not favor a settlement with a warrant that lacks an Exchange Right. It is highly unlikely that the Grand Court would approve a settlement that is not supported by the JOLs."[10]

Plaintiffs thus ask that I adopt the R&R with one material change: I either eliminate the Grand Court approval condition or require the JOLs to submit the settlement stipulation "for approval by the Grand Court" and bar them "from directly or indirectly making any statement that they do not support" its terms.[11] Because I need only review a magistrate judge's R&R to the extent an objection is raised,[12] I review this limited objection de novo.

---

[8] ECF No. 88.

[9] ECF No. 68 (Dickson's declaration).

[10] ECF No. 67 (Defendants' opposition to motion to enforce).

[11] *Id*. at 5. The defendants did not respond.

[12] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

3

**Discussion**

District courts have the authority to enforce a settlement agreement, which "include[s] the authority to award damages for failure to comply with the settlement agreement," or "in contempt proceedings for violation of a court order approving the settlement and commanding or enjoining particular conduct."[13] But courts must not interfere with parties' private agreements once they have agreed to stipulate.[14] Illustrative of this limitation is *Gardiner v. A.H. Robins Company*, in which the Eighth Circuit found that by adding a "So Ordered" notation on a settlement agreement, the judge improperly converted the agreement "into something the parties neither anticipated nor negotiated" and thus interfered with the private agreement.[15] This I decline to do.

Plaintiffs' request to remove a condition precedent from the stipulated agreement asks this court to interfere with that agreement. The parties agreed that both Remark's board and the Grand Court had to approve the definitive settlement agreement. So, removing one of those conditions and requiring only Remark's unilateral approval would convert the agreement into something neither party negotiated.

Of course, the agreement to require Grand Court approval already imposes an obligation on all parties to act in good faith to satisfy that condition. "The construction and enforcement of settlement agreements are governed by principles of local law [that] apply to interpretation of contracts generally."[16] Nevada law imposes on all parties to a contract a duty of good faith and

---

[13] *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).
[14] *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984).
[15] *Id.*
[16] *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

4

fair dealing.[17] Where, as here, a contract contains a condition precedent, the duty of good faith extends to that condition, requiring that a party not "interfere[ ] with the performance of a condition precedent in a way that the parties did not reasonably contemplate, . . . [because such an] interference is a breach of the implied covenant of good faith and fair dealing."[18] As the magistrate judge noted, the settlement agreement requires that each party obtain the approval of its principal—Remark's board of directors and the Grand Court.[19] Remark's board of directors has already approved the definitive settlement agreement. And the JOLs, whom the Grand Court appointed to negotiate the settlement, reached an agreement with plaintiffs that did not include an exchange right. Having negotiated the agreement, the JOLs have a good-faith duty to not frustrate its conditions precedent. Thus, it is not necessary for this court to entertain plaintiffs' request for an order directing the JOLs to affirmatively support the agreement before the Grand Court; the agreement already imposes on both parties a good-faith obligation to cause the conditions precedent to be satisfied.

---

[17] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993).

[18] *Guidiville Rancheria of California v. United States*, 704 F. App'x 655, 658 (9th Cir. 2017) (citing 13 Williston on Contracts § 39:3 (4th ed.); *see also Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 211 (2d Cir. 2002) (quoting *Cauff, Lippman & Co. v. Apogee Fin. Group, Inc.*, 807 F. Supp. 1007, 1022 (S.D.N.Y. 1992) ("The implied covenant of good faith and fair dealing requires a promisor to reasonably facilitate the occurrence of a condition precedent by either refraining from conduct [that] would prevent or hinder the occurrence of the condition, or by taking positive action to cause its occurrence.")); Steven J. Burton, *Breach of Contract and the Common Law Duty to Perform in Good Faith*, 94 Harv. L. Rev. 369, 386 (1980) ("A contract thus would be breached by a failure to perform in good faith if a party uses its discretion for a reason outside the contemplated range—a reason beyond the risks assumed by the party claiming a breach.").

[19] ECF No. 86.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Partial Objection **[ECF No. 88] is overruled**; the Magistrate Judge's Report and Recommendation **[ECF No. 86] is ACCEPTED AND ADOPTED**; and Plaintiffs' Motion to Enforce the Stipulation for Settlement **[ECF No. 63] is GRANTED**. Because the settlement stipulation contains all of the material terms of the agreement, the final agreement must reflect those terms and the customary settlement provisions, which does not include the contested exchange right. The agreement provides that both Remark's board of directors and the Grand Court must approve the definitive settlement agreement, and the parties have a good-faith obligation to procure those approvals as a matter of law.

In light of the settlement stipulation, IT IS FURTHER ORDERED that defendants' motion to dismiss **[ECF No. 40] is DENIED as moot and without prejudice** to their ability to timely refile that motion if the settlement is not completed.

The Clerk of Court is directed to CLOSE THIS CASE, subject to the parties' ability to move to reopen it in the event that the settlement is not completed.

Dated: September 24, 2019

_____
U.S. District Judge Jennifer A. Dorsey